IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00193-RM-KLM

ROBERT W. BRYANT,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Modify Scheduling Order** [#33][1] (the "Motion"). The Motion is referred to this Court for disposition [#36]. Plaintiff filed a Response to the Motion [#43][2] and Defendant filed a Reply [#44]. The Motion is now fully briefed and ripe for resolution. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#33] is **GRANTED**.

## I. Background

On March 23, 2015, the Court held a Scheduling Conference and entered the

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] The Court notes that the Response does not comply with D.C.COLO.LCivR 10.1(e), which requires that all documents be double spaced. Nevertheless, in the interests of expedience, the Court considers the arguments raised in the Response rather than requiring Plaintiff to file a version that complies with the Local Rules.

1

Scheduling Order governing this case. *See generally Courtroom Minutes* [#16]; *Sched. Order* [#17]. Among other things, the Scheduling Order limited the number of retained expert witnesses to two experts per side. *Sched. Order* [#17] at § 9(d)(2). In the Scheduling Order, the parties described the expert witnesses they intended to retain as follows:

> Plaintiff anticipates retaining an expert witness in the fields of insurance bad faith and insurance claim handling, as well as designating Plaintiff's medical providers as expert witnesses.
>
> Defendant anticipates retaining an expert witness in the fields of medicine (including orthopedics and rehabilitation), insurance claims handling, and any expert to rebut any expert endorsed by Plaintiff.

*Id.* at § 9(d)(1). The Scheduling Order also set deadlines for disclosure of expert witnesses and related disclosures required pursuant to Fed. R. Civ. P. 26. *Id.* at § 9(d)(3)-(4). These deadlines were subsequently amended pursuant to a request from the parties. *See generally Minute Order* [#27]. Ultimately, affirmative expert designations were due on September 30, 2015, and rebuttal expert designations were due on October 30, 2015. *Id.* at 1.

Plaintiff endorsed one retained affirmative expert to opine regarding insurance claims issues. *Motion* [#33] at 3. Defendant endorsed two retained experts: one to offer opinions regarding Plaintiff's alleged dental injuries and one to offer opinions regarding Plaintiff's alleged orthopedic injuries. *Id.* Plaintiff attended separate Rule 35 examinations with each of Defendant's affirmative experts. *Id.* at 2. On October 30, 2015, Defendant endorsed and disclosed Dale Crawford as a rebuttal witness. *Id.* at 3. Defendant notes that Mr. Crawford is an insurance industry expert. *Id.* On November 12, 2015, the parties filed a joint motion requesting that the Court extend the discovery deadline. *See generally*

*The Parties' Joint Motion to Extend Deadlines* [#35].[3]  The parties argued that good cause existed for the requested extension.  *Id.* at 1.  Specifically, they explained: "The Parties require this additional time in order to conduct the depositions of Plaintiff's expert Bradley A. Levin and Defendant's expert Dale C. Crawford."  *Id.*  The Court granted the motion and extended the discovery deadline through December 16, 2015.  *Minute Order* [#37] at 1.

In its Motion, Defendant requests that the Court amend the Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4) to allow it three retained experts, the three experts discussed above who were disclosed to Plaintiff through discovery.  *Motion* [#33] at 9. Defendant argues that good cause exists for the requested relief.  *Id.* at 4-6.  Defendant also argues that the factors discussed in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), favor amendment of the two-expert limit imposed by the Scheduling Order.  *Id.* at 6-8.

In his Response, Plaintiff argues that he will be prejudiced if Defendant is allowed to present the testimony of three retained experts at trial.  *Response* [#43] at 2. Specifically, he maintains that he "is now in the untenable position of not being able to respond to all three of these experts."  *Id.*  He further argues that "[b]y adding a third retained expert at the time of rebuttal disclosures and  moving to amend the scheduling order only after the three retained experts were endorsed, Plaintiff has been deprived of the opportunity to present a thoroughly prepared case."  *Id.*

In its Reply, Defendant argues that the "endorsement of one additional expert will not result in any prejudice to Plaintiff."  *Reply* [#44] at 1.  Defendant further argues that:

---

[3] The parties initially filed an incomplete version of this motion on November 10, 2015 [#31].

3

> Plaintiff has been on notice for more than four months that Safeco would be presenting medical expert testimony at trial. Safeco timely endorsed Drs. McBride and Palmer as *affirmative experts* on September 30, 2015, which gave Plaintiff the opportunity to endorse *rebuttal experts* under the Scheduling Order until October 30, 2015. Plaintiff elected not to do so, and should not now be permitted to argue that Safeco is precluded from presenting Drs. McBride and Palmer as witnesses at trial. In addition, as to Safeco's third expert, Dale Crawford, he was endorsed as a rebuttal expert after Plaintiff designated Brad Levin, Esq. as an affirmative expert to opine on claim handling standards.

*Id.* at 1-2 (emphasis in original). Because Plaintiff alludes to the arguments raised in his Motion to Strike the Testimony of Defense Experts John T. McBride Jr. M.D. and Ronald Palmer D.D.S. [#28], Defendant also analyzes the arguments made in the parties' briefing of that motion. Notably, that motion is not pending before the undersigned and invokes a different legal standard and issue. The instant Motion seeks amendment of the Scheduling Order pursuant to Fed. R. Civ. P. 16. The other motion asks the Court to strike expert testimony. That issue is not addressed in this Order and this Order is not intended to address that motion in any way. As a result, the Court does not summarize that portion of Defendant's Reply.

## II. Standard of Review

As an initial matter, numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.*, *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987);

*see also Anderson v. Seven Falls Co.*, No. 2013 WL 3771300, at *8 (D. Colo. July 18, 2013) ("this court unquestionably has the authority to re-open discovery to allow Plaintiff to designate a rebuttal expert"); *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013).[4]  While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

### III.  Analysis

It is clear from the Scheduling Order that Defendant intended to disclose a medical expert because of the injuries alleged by Plaintiff and that it anticipated that it might retain an expert regarding the insurance industry.  Further, Defendant made clear in the Scheduling Order that it anticipated that it might need to disclose a rebuttal witness.  Here,

---

[4] As summarized above, Defendant argues both that good cause exists and that the Court should grant the requested relief under *Smith*. *Smith* concerned reopening or extending discovery. *Smith*, 834 F.2d 166, 169.  Here, Defendant seeks to amend the Scheduling Order to allow it to designate one rebuttal expert in excess of the number allowed under the Scheduling Order.  After carefully considering *Smith*, the Court finds that it is not directly on point because Defendant is not asking the court to reopen discovery.  Discovery of the expert witness was conducted in accordance with the relevant deadlines.  As a result, the Court simply considers whether good cause for the amendment has been shown.  *See EEOC v. JBS USA, LLC*, No. 10-cv-02103-PAB-KLM, 2014 WL 2922625, at *5 n.3 (D. Colo. June 27, 2014).

the insurance industry expert was designated as a rebuttal witness because Plaintiff designated an expert in this field as an affirmative witness. Defendant notes that through discovery it learned "of records of Plaintiff's significant pre-existing dental problems . . . ." *Motion* [#33] at 5. That resulted in Defendant requesting Plaintiff to attend a Rule 35 examination conducted by Dr. Palmer, a dentist who was disclosed as an affirmative expert witness by Defendant. *Id.* Plaintiff has had the benefit of discovery relating to all three experts Defendant retained. As a result, Plaintiff cannot now claim that he is surprised or prejudiced by Defendant's retention of three experts. Further, the discovery of a need for a dental expert only arose through the course of discovery. The Court finds this to be good cause to increase the number of expert witnesses Defendant may retain from two to three. *See Wilson v. City of Lafayette*, Nos. 07-cv-01844-EWN-KLM, 07-cv-02248-EWN-BNB, 2008 WL 3211288, at *2 (D. Colo. Aug. 6, 2008) (granting motion for leave to disclose two additional expert witnesses).

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the Scheduling Order [#17] is amended to allow Defendant to designate up to three expert witnesses.

Dated: January 21, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge